1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CARL E. DOUGLAS, Esq. (SBN: 097011)**
carl@douglashickslaw.com
**JAMON R. HICKS, Esq. (SBN: 232747)**
jamon@douglashickslaw.com
*DOUGLAS / HICKS LAW, APC*
8484 Wilshire Blvd., Suite 548
Beverly Hills, California  90211
Tel: (323) 655-6505; Fax: (323) 927-1941

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLENE HUTCHINSON, an Individual and as a Successor in Interest to Demouria Maurice Hogg; THE ESTATE OF DEMOURIA MAURICE HOGG; S.J.H., a minor and as a Successor in Interest to Demouria Maurice Hogg by and through her Guardian Ad Litem, DESIREE RICHARD, and DOES 1-10 inclusive,<br><br>*Plaintiffs,*<br><br>vs.<br><br>THE CITY OF OAKLAND; and DOES 1-10, Inclusive,<br><br>*Defendants.* | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Unreasonable Search and Seizure - Detention and Arrest 42 U.S.C. § 1983**<br>2. **Excessive Force and Denial of Medical Care - 42 U.S.C. § 1983**<br>3. **Substantive Due Process - 42 U.S.C. § 1983**<br>4. **Interference with Familial Relationship  and Freedom of Association - 42 U.S.C. § 1983**<br>5. **Municipal Liability for Unconstitutional Custom or Policy - 42 U.S.C. § 1983**<br>6. **False Arrest – Wrongful Death**<br>7. **Battery - Cal. Govt. Code § 820 – Wrongful Death**<br>8. **Negligence – Cal. Govt. Code § 820 – Wrongful Death**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

1
2
3
4
5

COMES NOW ALLENE HUTCHINSON, an Individual and as a Successor in Interest to Demouria Maurice Hogg; THE ESTATE OF DEMOURIA MAURICE HOGG; S.J.H, a minor and as a Successor in Interest to Demouria Maurice Hogg by and through her Guardian Ad Litem, DESIREE RICHARD and DOES 1-10, Inclusive, allege as follows:

6
7

**INTRODUCTION**

8
9
10
11

1.      This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal police shooting of the DECEDENT, Demouria Hogg.

12
13

**PARTIES**

14
15
16

2.      At all relevant times herein, THE ESTATE OF DEMOURIA HOGG (hereinafter referred to as "DECEDENT") was an individual residing in the City of Oakland, County of Alameda, California.

17
18
19
20
21

3.      At all relevant times herein, Plaintiff ALLENE HUTCHINSON was an individual residing in the City of Oakland, County of Alameda, California and is the natural mother of DECEDENT.  ALLENE HUTCHINSON sues in her individual capacity and as a representative of the ESTATE OF DEMOURIA HOGG. DECEDENT was ALLENE HUTCHINSON's son.

22
23
24
25
26
27

4.      At all relevant times herein, Plaintiff S.J.H. was a minor residing in the City of Oakland, County of Alameda, California and is the biological daughter of DECEDENT.  S.J.H. sues in her individual capacity and as a Successor in Interest to DEMOURIA HOGG by and through her Guardian Ad Litem, DESIREE RICHARD.  S.J.H. sues as the surviving child of DECEDENT pursuant to Section

28

COMPLAINT FOR DAMAGES

377.60 of the California Code of Civil Procedure and as a Successor in Interest to DEMOURIA HOGG.

5.     At all relevant times herein, Defendant THE CITY OF OAKLAND (hereinafter "City") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Oakland Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant CITY was the employer of DOES Defendants, individually and as a peace officers.

6.     At all relevant times, DOES Defendants, individually and as a peace officers; were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and within the complete authority and ratification of their principal, Defendant CITY.

7.     At all relevant times, Defendants individually and as peace officers; were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

8.     In doing the acts and failing and omitting to act as hereinafter described, Defendants, individually and as peace officers; were acting on the implied and actual permission and consent of the CITY.

9.     At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

COMPLAINT FOR DAMAGES

10.     At all relevant times, Defendants, individually and as peace officers; were working for Defendant CITY as police officers.

11.     Plaintiffs are unaware of the true names and capacities of those Defendants named herein as DOES 1-10 Defendants.  Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to Plaintiffs.  Plaintiffs are informed and believes, and thereon alleges that these DOES 1-10 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanted misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged.  Plaintiffs will seek to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

12.     On July 7, 2015, Plaintiffs filed comprehensive and timely claim for damages with CITY pursuant to applicable sections in the California Government Code and California Civil Code.

13.     CITY rejected said claim for damage by operation of law.

///

///

///

///

///

///

4

COMPLAINT FOR DAMAGES

**JURISDICTION**

14.     This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and the First, Fourth and Fourteenth Amendments of the United States Constitutions. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

15.     Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Alameda, California.

**FACTS COMMON TO ALL CAUSES OF ACTION**

16.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 20 of this Complaint with the same force and effect as if fully set forth herein.

17.     On Saturday, June 6, 2015, at approximately 7:27 a.m., DECEDENT was shot and killed while in his car in or around the area of Lakeshore off-ramp of the Westbound Highway 580, in the City of Oakland, California.

18.     On information and belief, DECEDENT had not committed any crime. Defendants, individually and as peace officers; who were CITY police officers, had neither reasonable suspicion to detain DECEDENT nor probable cause to arrest him.

19.     Defendants, individually and as peace officers; while acting in the course and scope of their employment with CITY, negligently assessed the circumstances presented to them and violently confronted DECEDENT without having probable cause to believe that DECEDENT had committed a crime, or would commit a crime in the future.

COMPLAINT FOR DAMAGES

20.     Without warning, Defendants, individually and as peace officers; broke DECEDENTS automobile driving side front and passenger windows proceeded to assault and batter DECEDENT  by acts which included, but were not limited to, repeatedly and unjustifiably firing two deadly rounds from her department issued firearm while another officer simultaneously deployed a taser striking DECEDENT all over his body, which proved to be fatal.  DECEDENT died as a proximate and direct cause of gun-shot wounds.

21.     At no time during the course of these events did DECEDENT pose any reasonable threat of violence to the defendant officers, nor did he do anything to justify the use of deadly, excessive, unreasonable, unlawful and unnecessary force against him, by the defendant officers.

22.     Both prior to and during the time in which DECEDENT was shot and killed by Defendants, he posed no reasonable or credible threat of violence to Defendants, nor to any other individual.  In fact, just moments before he was shot and killed, DECEDENT was unconscious.

23.     Both prior to and during the time in which DECEDENT was tased and shot to death by defendants, DECEDENT made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that the DECEDENT had the will, or the ability to inflict substantial bodily harm against any individual or officer.

24.     DECEDENT was tased and shot to death at the scene of the incident by the Defendants.

25.     On information and belief, Defendants individually and as peace officers had no information that DECEDENT had committed any crime.

26.     ALLENE HUTCHINSON was dependent on the DECEDENT, including financially dependent.

6

COMPLAINT FOR DAMAGES

27.     Minor, S.J.H. was dependent on the DECEDENT, including financially dependent.

## FIRST CAUSE OF ACTION

### Unreasonable Search and Seizure - Detention and Arrest 42 U.S.C. § 1983 (Plaintiffs ALLENE HUTCHINSON, S.J.H. and THE ESTATE OF DEMOURIA HOGG against all Defendants and DOES 1-10, inclusive)

28.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 27 of this Complaint with the same force and effect as if fully set forth herein.

29.     Defendants, individually and as peace officers; caused DECEDENT to be detained and arrested in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

30.     As a result of the conduct of Defendants, individually and as peace officers; they are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent violations.

31.     The DECEDENT was detained without reasonable suspicion and arrested without probable cause.

32.     The conduct of Defendants, individually and as peace officers was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

COMPLAINT FOR DAMAGES

33.     ALLENE HUTCHINSON and S.J.H. seek damages as successors-in-interest to DECEDENT and representative of the DECEDENT's estate.

34.     Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

### Excessive Force and Denial of Medical Care 42 U.S.C. § 1983

**(Plaintiffs ALLENE HUTCHINSON, S.J.H. and the ESTATE OF DEMOURIA HOGG against all Defendants and DOES 1-10, Inclusive)**

35.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as if fully set forth herein.

36.     Defendants, individually and as peace officers, unjustified tasing and shooting deprived DECEDENT on his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

37.     The unreasonable use of force by Defendants, individually and as peace officers, deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

38.     As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity for which THE ESTATE OF DEMOURIA HOGG is entitled to recover damages.  Plaintiffs have also been deprived of their life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the

COMPLAINT FOR DAMAGES

remainder of their natural lives.   Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and loss of financial support.

39.    As a result of the conduct of Defendants, individually and as peace officers, they are liable for DECEDENT's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

40.    Defendants, individually and as peace officers, knew or should have known that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing him great bodily harm and death.

41.    This use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT had done nothing violent before, during and after he tased and shot to death.  Defendants' actions, individually and as peace officers, thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

42.    The conduct of Defendants, individually and as peace officers, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

43.    ALLENE HUTCHINSON and S.J.H. seek damages as successors-in-interest to DECEDENT and representative of the DECEDENT's estate.

44.    Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

///

///

COMPLAINT FOR DAMAGES

**THIRD CAUSE OF ACTION**

**Substantive Due Process - 42 U.S.C. § 1983**

**(Plaintiffs ALLENE HUTCHINSON, S.J.H. against all Defendants and DOES 1-10, Inclusive)**

45.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 44 of this Complaint with the same force and effect as if fully set forth herein.

46.     ALLENE HUTCHINSON and S.J.H. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them from life, liberty, or property in such a manner as to shock the conscious, including but not limited to, unwarranted state interference in Plaintiffs' familial relationship with DECEDENT.

47.     DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them from life, liberty, or property in such a manner as to shock the conscious.

48.     As a result of the simultaneously tasing and shooting by the Defendants, individually and as peace officers, DECEDENT died.  ALLENE HUTCHINSON and S.J.H. were thereby deprived of their constitutional right of familial relationship with DECEDENT.

49.     Defendants, individually and as peace officers, acting under the color of state law, thus violated the Fourteenth Amendment of ALLENE HUTCHINSON and S.J.H. to be free from unwarranted interference with their familial relationship with DECEDENT.

COMPLAINT FOR DAMAGES

50.     The aforementioned actions of Defendants, individually and as peace officers, along with other undiscovered conduct, shook the conscious, in that they acted with deliberate indifference to the constitutional rights of DECEDENT, ALLENE HUTCHINSON and S.J.H. and with purpose to harm unrelated to any legitimate law enforcement objective.

51.     As a direct and proximate cause of the acts of the Defendants, individually and as peace officers, DECEDENT experienced severe pain and suffering and lost his life and earning capacity for which THE ESTATE OF DEMOURIA HOGG is entitled to recover damages.  Plaintiffs have also been deprived of their life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and a loss of financial support.

52.     The conduct of Defendants, individually and as peace officers, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defenda nts.

53.     ALLENE HUTCHINSON and S.J.H. seek punitive damages.

54.     Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

///
///
///
///
///
///

COMPLAINT FOR DAMAGES

## FOURTH CAUSE OF ACTION

**Interference with Familial Relationship and Freedom of Association - 42 U.S.C. § 1983**

**(Plaintiffs ALLENE HUTCHINSON and S.J.H. against all Defendants and DOES 1-10, Inclusive)**

55.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

56.     Plaintiffs ALLENE HUTCHINSON and S.J.H. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in their familial relationship with their father, DECEDENT.

57.      As a result of the excessive force by Defendants, individually and as peace officers; and the failure of Defendants to intervene, DECEDENT died. Plaintiffs ALLENE HUTCHINSON and S.J.H. were thereby deprived of their constitutional right and familial relationship with DECEDENT.

58.     Defendants, individually and as peace officers, acting under color of state law, thus violated the Fourteenth and Amendment rights of ALLENE HUTCHINSON and S.J.H. to be free from unwarranted interference with their familial relationship with DECEDENT.

59.     The aforementioned actions of Defendants, individually and as peace officers, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT,

COMPLAINT FOR DAMAGES

Plaintiffs ALLENE HUTCHINSON and S.J.H. and with purpose to harm unrelated to any legitimate law enforcement objective.

60.     As a direct and proximate cause of the acts of Defendants, individually and as peace officers, Plaintiffs have also been deprived of the life-long comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and a loss of financial support.

61.     The conduct of Defendants, individually and as peace officers, and was malicious, oppressive and in reckless disregard for the rights and safety of DECEDENT and Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

62.     Decedent's successors-in-interest seek wrongful death damages under this claim.

**FIFTH CAUSE OF ACTION**

**Municipal Liability for Unconstitutional Custom or Policy - 42 U.S.C. § 1983**

**(Plaintiffs ALLENE HUTCHINSON, S.J.H., THE ESTATE OF DEMOURIA HOGG against Defendant CITY)**

63.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 62 of this Complaint with the same force and effect as if fully set forth herein.

64.     On information and belief Defendants' conduct, individually and as peace officers, who tased and shot DECEDENT to death, was ratified by CITY's police department supervisorial officers.

COMPLAINT FOR DAMAGES

65.    On information and belief, Defendants were not disciplined for killing DECEDENT, who did not pose a risk to Defendants.

66.    On and for some time prior to June 6, 2015, (and continuing to the present day) Defendants, individually and as peace officers, deprived Plaintiffs and DECEDENT of the rights and liberties secured to them by the Fourteenth Amendment to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

      a.    Employing and retaining as police officers and other personnel, including Defendants, individually and as peace officers; who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies, including the use of excessive and deadly force;

      b.    Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police officers, and other personnel, including Defendants who CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

COMPLAINT FOR DAMAGES

c.   By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants who are Police Officers of CITY;

d.   By failing to discipline CITY Police Officers' conduct, including but not limited to, unlawful detention and excessive and deadly force;

e.   By ratifying the intentional misconduct of Defendants and other officers who are Police Officers of CITY;

f.   By having and maintaining an unconstitutional policy, custom and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs and practices of Defendants were done with a deliberate indifference to individuals' safety and rights; and

g.   By failing to properly investigate claims of unlawful detention and excessive force by CITY Police Officers.

67.   By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, DECEDENT was severely injured and subjected to pain and suffering and lost his life and earning capacity for which THE ESTATE OF DEMOURIA HOGG is entitled to recover damages.

68.   Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants

COMPLAINT FOR DAMAGES

condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

69.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers; acted with an intentional, reckless, and callous disregard for the life of DECEDENT, and DECENDENT's and Plaintiffs' constitutional rights.  Each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

70.    Furthermore, the policies practices, and customs implemented and maintained and still tolerated by Defendants, individually and as peace officers; were affirmatively linked to and were significantly influential force behind the injuries of DECEDENT and Plaintiffs.

71.    By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiffs were caused to incur funeral and related burial expenses, loss of gifts and benefits and loss of financial support.

72.    By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

73.    Accordingly, Defendants, individually and as peace officers, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

74.    Plaintiffs seek wrongful death damages under this claim.

75.    Plaintiffs also seek attorney fees under this claim.

///

///

16

COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SIXTH CAUSE OF ACTION

### False Arrest – Wrongful Death

### (Plaintiffs ALLENE HUTCHINSON, S.J.H. and THE ESTATE OF DEMOURIA HOGG against all Defendants and DOES 1-10, Inclusive)

76.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 75 of this Complaint with the same force and effect as if fully set forth herein.

77.     Defendants, individually and as peace officers, while working as Police Officers for CITY, and acting within the scope of their duties, intentionally deprived DECEDENT of his freedom of movement by use of force, including deadly force, threats of force, menace, fraud, deceit and unreasonable duress. Defendants, individually and as peace officers, also detained DECEDENT.  Said detention was made without reasonable suspicion.  There was an attempt to arrest DECEDENT.  Said arrest was attempted without probable cause.

78.     DECEDENT did not knowingly or voluntarily consent.

79.     The conduct of Defendants, individually and as peace officers; and was a substantial factor in causing the harm to DECEDENT.

80.     CITY is vicariously liable for the wrongful acts of Defendants, individually and as peace officers; pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability.

81.     The conduct of Defendants, individually and as peace officers; was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

COMPLAINT FOR DAMAGES

82.     ALLENE HUTCHINSON was dependent on the DECEDENT, including financially dependent.

83.     S.J.H. was dependent on the DECEDENT, including financially dependent.

84.     Plaintiffs are seeking wrongful death damages under this claim.

## SEVENTH CAUSE OF ACTION

### Battery - Cal. Govt. Code § 820 – Wrongful Death

### (Plaintiffs ALLENE HUTCHINSON, S.J.H. and THE ESTATE OF DEMOURIA HOGG against all Defendants and DOES 1-10, Inclusive)

85.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 84 of this Complaint with the same force and effect as if fully set forth herein.

86.     Defendants, individually and as peace officers, while working as a Police Officer for the CITY Police Department, and acting within the course and scope of their duties, intentionally tased and shot DECEDENT to death.  As a result of the actions by the defendants, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity for which THE ESTATE OF DEMOURIA HOGG is entitled to recover damages. Defendants had no legal justification for using force against DECEDENT, and said defendants' force was unreasonable, especially since DECEDENT did not commit any crime when he was shot to death.

87.     As a direct and proximate result of defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs also have been deprived of their life-long love, companionship, comfort, support, society, care and sustenance of

DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs also are claiming funeral and burial expenses, loss of gifts and benefits and loss of financial support.

88.    CITY is vicariously liable for the wrongful acts of Defendants, individually and as peace officers, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability.

89.    The conduct of Defendants, individually and as peace officers, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

90.    ALLENEHUTCHINSON was dependent on the DECEDENT, including financially dependent.

91.    S.J.H. was dependent on the DECEDENT, including financially dependent.

92.    Plaintiffs are seeking wrongful death damages under this claim.

**EIGHTH CAUSE OF ACTION**

**Negligence – Cal. Govt. Code § 820 – Wrongful Death**

**(Plaintiffs ALLENE HUTCHINSON, S.J.H. and THE ESTATE OF DEMOURIA HOGG against all Defendants and DOES 1-10, Inclusive)**

93.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 92 of this Complaint with the same force and effect as if fully set forth herein.

COMPLAINT FOR DAMAGES

94.     The actions and inactions of the Defendants, individually and as peace officers; were negligent and reckless, including but not limited to:

a.     The failure to properly assess the need to detain, arrest, and use force or deadly force against DECEDENT;

b.     The negligent tactics and handling of the situation with DECEDENT, including failure to utilize the services of SWAT;

c.     The negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

d.     The failure to provide prompt medical care to DECEDENT;

e.     The failure to properly train and supervise employees, both professional and non-professional, including Defendants.

f.     The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

g.     The negligent handling of evidence and witnesses.

95.     As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity for which THE ESTATE OF DEMOURIA HOGG is entitled to recover damages. Also as a direct and proximate result of defendants' conduct alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and loss of financial support.

COMPLAINT FOR DAMAGES

96.     CITY is vicariously liable for the wrongful acts of Defendants, individually and as peace officers, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability.

97.     ALLENE HUTCHINSON was dependent on the DECEDENT, including financially dependent.

98.     S.J.H. was dependent on the DECEDENT, including financially dependent.

99.     Plaintiffs are seeking wrongful death damages under this claim.

**WHEREFORE**, Plaintiffs requests relief as hereinafter provided.

### PRAYER FOR RELIEF

1.     For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in an amount to be proven at trial;

2.     For funeral expenses and loss of financial support;

3.     For punitive damages against the individual defendants in an amount to be proven at trial;

4.     For prejudgment interest;

5.     For an award of general and special damages in the amount to be proven at trial;

6.     For reasonable costs of this suit incurred herein;

7.     For reasonable attorney's fees and costs as provided by law;

///

///

COMPLAINT FOR DAMAGES

8.     For such further other relief as the Court may deem just, proper and appropriate.

Dated: October 26, 2015          *DOUGLAS / HICKS LAW, APC*

                                 By:     _____/s/ Jamon R. Hicks_____
                                 **JAMON R. HICKS, ESQ.**
                                 Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: October 26, 2015          ***DOUGLAS / HICKS LAW, APC***


By:     __/s/ Jamon R. Hicks_____
        **JAMON R. HICKS**
        Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# DECLARATION

COMPLAINT FOR DAMAGES

**DECLARATION OF DESIREE RICHARD, GUADIAN AD LITEM FOR S.J.H.**

1.     The decedent's name who is the subject of this action for wrongful death is DEMOURIA HOGG.

2.     On Saturday, June 6, 2015 at approximately 7:27 a.m., DECEDENT was shot and killed while in his car in or around the area of Lakeshore off-ramp of the Westbound Highway 580, in the City of Oakland, California.

3.     No proceeding is now pending in California for administration of the DECEDENT's estate.

4.     I am the biological mother of the minor who is the biological child of the DECEDENT.

5.     S.J.H. is the DECEDENT's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the DECEDENT's interest in the action or proceeding.

6.     D.S.H. and D.M.H. are bringing this claim and are the only persons having the right to commence the action or proceeding.


        I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Dated: October 26, 2015                      ___/s/ Desiree Richard___
                                             Desiree Richard, Declarant

COMPLAINT FOR DAMAGES